Frederick B. Bryant, J.
In this lawsuit the County of Broome seeks to recover from the Board of Education of Central 'School District No. 1, Town of Vestal, for services rendered to the Board of Education by the County Attorney in accordance with provisions of the Public Employees’ Fair Employment Act, better known as the Taylor Act. (Civil Service Law, §§ 200-212.) The defendant moves for summary judgment dismissing the complaint.
The parties have presented to the court a stipulated statement of the facts giving rise to the alleged cause of action from which it appears that the teachers in the Vestal Central School District No. 1 went on strike in October, 1969 in violation of section 210 of the Civil Service Law. Pursuant to the provisions of sections 201 and 211 of that law the Superintendent of Schools, chief executive officer of the district, notified the County Attorney of the threatened strike and also of the strike itself. Section 201 of the Civil Service Law designates the County Attorney as chief legal officer of a school district whose principal office is not located in a city and section 211 requires such chief legal officer to take the steps prescribed by the Taylor Act to bring the strike to a halt.
The County Attorney obtained an injunction, brought contempt proceedings against the Teachers’ Union and some of its members, and represented the Board of Education in proceedings before the Public Employment Relations Board (PERB).
On June 11, 1970, the County Attorney submitted a bill for legal services and disbursements to the Vestal School Board. The board rejected the bill on July 2, 1970. On August 12, 1970, the plaintiff — County of Broome — filed a formal notice of claim for the amount billed and thereafter commenced this action.
It is the defendant’s position that there is no basis in law for payment of the county’s claim. It has asserted several defenses to the action and while the court is of the opinion that one of the defendant’s arguments must be sustained, each of the defenses will be discussed briefly.
The defendant first asserts that the plaintiff’s claim is barred since it was not presented within three months from the time of accrual as required by section 3813 of the Education Law.
The County Attorney’s services can be divided into two main parts. First were the court proceedings required by section 211 of the Civil 'Service Law consisting of injunction and contempt proceedings. Second was the administrative *420 action required by subdivision 3 of section 210 of the Civil Service Law consisting of proceedings before the Public Employment Relations Board to penalize the employee organization.
Both parties agree, and it is the law, that the cause of action accrues when the legal services are completed. (See Blazer v. Fi-Pen-Wen Realty Corp., 276 App. Div. 349; Matter of Williams, 179 Misc. 805.) The defendant argues that the County Attorney’s bill shows that the last services were performed on February 9, 1970 when the county made oral argument before the PERB. The defendant argues further that the plaintiff’s services in the court action required by section 211 were, in fact, completed on October 30,1969 and thus, the defendant contends, the Statute of Limitations began to run on the first part of the services rendered on October 30, 1969 and on the second on February 9, 1970.
The plaintiff’s position is that the two categories cannot be so easily separated. It further argues that the PERB decision was not received until May 4,1970 and that the County Attorney required time to review and consider that decision. Thereafter he prepared his bill for services. This court agrees with the plaintiff in this respect. Under the circumstances the plaintiff’s services were not divisible for claims purposes and were not completed until the PERB decision was received and the passage of a reasonable time for study and review of that decision. A period of some 38 days may have been unduly long. But allowing a period of four weeks as constituting sufficient time to receive the decision and submit a bill, the date of June 1,1970 would then be fixed for the statutory time to start. As the formal notice of claim was filed on August 12, 1970, it was well within the three-month period and this defense is therefore of no merit.
The defendant next argues that since its budget for the fiscal year 1970 made no provision for the services of the County Attorney, the defendant is not legally authorized to incur such liability. This defense is premised upon subdivision 1 of section 1718 of the Education Law which provides that a Board of Education may not incur a district liability in excess of the amount appropriated at a district meeting unless the board is specifically authorized by law to incur such liability.
The court does not consider the foregoing statute as a bar to the plaintiff’s claim for legal services. The powers of a Board of Education are not as narrowly circumscribed as the defendant would have them appear. Section 1709 of the Edu *421 cation Law sets out certain specific powers of a board. Subdivision 33 of that section provides, however, that a board shall have all the powers reasonably necessary to exercise powers granted expressly or by implication and to discharge duties imposed expressly or by implication of statute. Among the implied powers of a board is that of retaining an attorney. (19 Op. State Comp., 1963, p. 88.) 'Section 3811 of the Education Law provides that when a board has been instructed at a district meeting to bring or defend an action or proceeding affecting a district’s “ rights or interests ”, costs and expenses thereof shall be a district charge and shall be levied by tax upon the district. This section surely includes the type of proceedings involved in the plaintiff’s claim and, by implication, the power to retain and pay an attorney for legal services pertaining thereto. Section 3812 of the Education Law applies to actions or proceedings brought or defended without specific authorization at a district meeting. Costs, expenses and charges incurred in connection with such actions or proceedings may be assessed and collected if the voters at a district meeting so direct and if the voters refuse, the claim may be referred to County Court for decision. Section 3812 should be construed to apply to proceedings under the Taylor Act. It was, therefore, not necessary that provision for retention of an attorney to represent the defendant in the strike proceedings be specifically included in the defendant’s budget since there is ample statutory authority for the defendant to have incurred the liability claimed here.
The defendant next urges that only the Board of Education could bind the defendant district and since the board neither authorized nor ratified the employment of the County Attorney the defendant is not liable for the cost of his services. The defendant stresses the point that under the Taylor Act it is the district’s chief executive officer who is to advise the County Attorney of the need for his services and to assist him therewith. Since it is not the Board of Education which is to act, the defendant concludes that this makes it apparent that the County Attorney’s services were to be gratuitous.
This court does not concur in the defendant’s conclusion. Strikes or threats thereof often erupt with little warning. The procedure to be followed was obviously intended to insure the utmost speed and efficiency in combating the threatened interruption of the proper functioning of the school involved. The school district’s chief executive officer is its superintendent. The board could hardly be unaware of the action taken by its *422 agent to secure the services of the County Attorney in the manner required by statute. Under the circumstances, formal approval of the board would be redundant.
The cases cited by the defendant (Lutzken v. City of Rochester, 7 A D 2d 498; Albany Supply & Equip. Co. v. City of Cohoes, 25 A D 2d 700) hold that where municipal law prescribes that where contracts are to be made only by specified officers and in a specified manner, services rendered under an agreement not conforming with specified procedure do not impose any obligation or liability upon the municipality. Such cases are not controlling here where the Legislature had mandated that the defendant be represented by the County Attorney. Further, if any ratification by the board was deemed necessary, it would seem that such action should have been taken by the defendant and the responsibility therefor not cast upon the plaintiff or County Attorney.
In its final point the defendant argues that the County Attorney only performed services mandated by statute and since the statute did not provide for compensating such attorney, his services must be considered gratuitous to the district. The court is of the opinion that this argument is meritorious and bars the plaintiff’s claim.
The Legislature has unquestioned power to impose additional duties upon the County Attorney. By definition, a county is formed to exercise such powers and discharge such duties of local government as may be imposed or conferred upon it by law. (County Law, § 3.) As in the case of any corporation a county acts through its officers and its agents. A County Attorney is a public officer and is appointed by the County Board of Supervisors. (County Law, §§ 400, 500.) The normal duties of a County Attorney are set forth in section 501 of the County Law. Subdivision 3 of section 501 provides that the County Attorney “ shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors.” When the Legislature has spoken it is conceived that no further direction by the Board of Supervisors is necessary. Thus the County Attorney was clearly obliged to obey the mandate of the Taylor Act insofar as it required him to act for the defendant. The question is whether the defendant must reimburse the plaintiff for the services thus rendered.
The defendant maintains that the plaintiff’s right is derivative and as the County Attorney has no valid claim against the defendant, neither would the plaintiff. It argues that sub *423 division 1 of section 67 of the Public Officers Law, which provides that a public officer upon whom a duty is expressly imposed by law must execute such duty without fee or reward unless a fee or other compensation is expressly provided by law, applies here. Even without the Public Officers Law it is clear that the County Attorney is entitled to his salary and expenses only, as paid by the county, and may not claim for services rendered to others than the county. (County Law, §§ 201, 203; 18 Op. State Comp., 1962 p. 275; 16 Op. State Comp., 1960 p. 440.)
This court does not agree that whatever right the plaintiff claims is derivative. The claim is for the performance of legal services. Such services are performed by the County Attorney, not by the county and that body under well-established principles of law and ethics would have no right to charge for services rendered in the course of the practice of law by its County Attorney. Bather if it has any claim at all it is a direct claim for services rendered by the county to an outside body. Thus the validity of the claim does not rest on whether the County Attorney is entitled to payment but rather on the right of one governmental body to be reimbursed by another for services performed in the absence of a statutory provision therefor.
There are a number of statutes under which a county or other municipal corporation may claim reimbursement for services given to other governmental entities. It is the absence of any such provision in the Taylor Act that leads this court to hold that the plaintiff here has no legal basis for its claim.
Reference to some of the statutes which specifically provide for such reimbursement will serve as illustrations. Several are in the General Municipal Law. Subdivision 2 of section 209 allows charges to be made for loss, damage or expense for fire apparatus or equipment and for materials used. Sections 209-g and 209-m also allow charges for salaries, travel and maintenance expense for police service and for loss, damage or expense of equipment. ’Section 130 permits a general public hospital to claim reimbursement for service to nonresidents of the municipal corporation maintaining the hospital. Section 99-a permits one municipality to contract with another for the use of a municipally operated public dump. Subdivision 4 of section 231 of the Highway Law permits a town to reimburse the county for construction or reconstruction of bridges under 25 feet. Section 1330 of the Real Property Tax Law provides for reimbursement of taxes advanced by the county to a school district. Section 62 of the Social Services Law provides for *424 reimbursement of one public welfare district by another. See, also, section 111 of the Indian Law which provides that a County Attorney may be paid a daily fee for service in elections of the St. Regis Indian tribe.
These examples and others that can be easily found, prompt the conclusion that by not providing for compensation for the services required of County Attorneys and Corporation Counsels under the Taylor Act, the Legislature intended that the services would be given without cost to the recipient. What the reasons for this omission by the Legislature were, are not known.
This court is aware of the opinion of the State Comptroller concluding that the County of Nassau was entitled to compensation for services similar to those involved here. (Op. State Comp. 68-788.) That opinion was based on the specific provisions of the Nassau County Charter and is not controlling here.
The plaintiff argues that it will be deprived of its property without due process of law unless compensation is allowed. This court does not agree. The plaintiff did not incur any extra cost by providing the services required. In any event, if the Taylor Law is unfair to the plaintiff or to other counties and cities, the remedy is the business of the Legislature.
The motion for summary judgment is granted and the complaint dismissed.